UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TED BUSBY, ET AL.<br>Plaintiffs | CIVIL ACTION NO. 3:17-CV-00494 |
| VERSUS | JUDGE JAMES |
| KEITH PALMER D/B/A PALMER CONSTRUCTION<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is Henry Keith Palmer's ("Palmer") Partial Motion to Dismiss fraud allegations for failing to comply with Federal Rule of Civil Procedure 9(b). (Doc. 9). Ted Busby, Barbara Busby, Ryman Busby, Erin Busby, Ryman Busby Farms, Inc., and Skunk Investments, Inc. (collectively, "Plaintiffs") oppose the motion. (Doc. 17). Palmer's Motion should be granted because Plaintiffs do not plead fraud with the particularity required by Rule 9(b) and governing jurisprudence. However, Plaintiffs should be permitted to amend their complaint if they desire to pursue the fraud claim.

I.  Factual Background

Some time before November 2012, Plaintiffs contracted with Palmer to construct grain storage bins for Plaintiffs' farming operations. (Doc. 1-2). Plaintiffs contend their farming operations were damaged by Palmer's nonperformance or defective performance of these contracts. Id. Plaintiffs also accuse Palmer of fraud, claiming that he intentionally misrepresented that "Company engineers" would

d

design the storage bin's foundation. Id. Plaintiffs asserted these claims via Petition for Damages in Louisiana's Sixth Judicial District Court. Id.

Palmer removed, invoking diversity jurisdiction. (Doc. 1). Palmer then filed the Partial Motion to Dismiss. (Doc. 9). Plaintiffs assert their Petition complies with Rule 9(b), and alternatively request this Court order a more definite statement under Rule 12(e). (Doc. 17).

II. Law and Analysis

    A. Standards governing the Motion to Dismiss.

Federal Rule of Civil Procedure Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading without a facially plausible claim can be dismissed for failing to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678–679; See Fed.R.Civ.P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A motion to dismiss under Rule 12(b)(6) admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In deciding a Rule 12(b)(6) motion, the Court generally "may not go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993).

    B. Pleading standards governing fraud claims.

Federal Rule of Civil Procedure 9(b) imposes a heightened standard for pleading fraud. See Fed.R.Civ.P. 9(b); Neiman v. Bulmahn, 854 F.3d 741, 746 (5th

d

Cir. 2017) (quoting <u>Local 731 I.B. of T. Excavators & Pavers Pension Trust Fund v. Diodes, Inc.</u>, 810 F.3d 951, 956 (5th Cir. 2016)). A party must allege the circumstances constituting fraud "with particularity." Fed.R.Civ.P. 9(b). The degree of particularity required by Rule 9(b) is case-specific. <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 288 (5th Cir.1992); <u>see also</u> <u>Williams v. WMX Techs.</u>, Inc., 112 F.3d 175, 178 (5th Cir. 1997) (noting "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific").

Dismissal under Rule 9(b) is treated as a dismissal for failing to state a claim under Rule 12(b)(6). <u>U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 901 (5th Cir. 1997) (citing <u>Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015, 1017 (5th Cir. 1996)). The Fifth Circuit requires specificity as to the statements (or omissions) considered to be fraudulent, the identity of the speaker, when and where the statements were made, and an explanation of why the statements were fraudulent. <u>Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.</u>, 565 F.3d 200, 207 (5th Cir. 2009) (quoting <u>Williams</u>, 112 F.3d at 177 (5th Cir. 1997)). Colloquially put, fraud allegations must contain "who, what, when, where, and how." <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 339 (5th Cir. 2008).

  C. **<u>Plaintiffs fail to allege fraud with the requisite specificity.</u>**

Palmer urges that Plaintiffs' fraud allegations are insufficient under Rule 9(b) because: (1) they fail to state which Plaintiffs received Palmer's fraudulent communication; (2) they fail to state whether the fraudulent statements were made by Palmer or an employee; (3) "during the work" is an overly-broad temporal window;

3

d

(4) Plaintiffs do not allege where or how the statements were made; and (5) the allegations of intentional falsity are insufficient where they only allege fraudulent intent without attributing any motive for the statements. (Doc. 9).

First, the Court is not aware of, and Palmer has not cited, any precedent under Rule 9(b) which requires a plaintiff to allege to whom the fraudulent statements were made. It is not expressly required by Rule 9(b) or the Fifth Circuit's "who, what, when, where, and how" inquiry. See Flaherty, 565 F.3d at 207 (5th Cir. 2009). Nevertheless, during a June 5, 2017 motion hearing Plaintiffs acknowledged that, while the complaint alleges the statements were made to Plaintiffs generally, any fraudulent statements were made only to Ted Busby and/or Ryman Busby.

Second, Plaintiffs clearly allege that the statements were made by Palmer. (Doc. 1-2, ¶ 17, 18). There is no ambiguity in who purportedly made the statements.

Third, Plaintiffs allege the fraudulent statements induced them to contract, and were repeated "during the work." (Doc. 1-2, ¶ 17, 18). The parties agree the work lasted approximately nine months. Contending "during the work" is an overly-broad temporal window, Palmer cites Southland Sec. Corp. v. INSpire Ins. Sols., Inc., 365 F.3d 353, 372 (5th Cir. 2004). In Southland, the Fifth Circuit recognized that other courts have found a four month window does not satisfy Rule 9(b)'s particularity requirement. Cf. Irwin v. Country Coach Inc., 4:05CV145, 2006 WL 278267, at *7 (E.D. Tex. Feb. 3, 2006) (finding, where plaintiffs failed to allege when and where the fraudulent statements were made, "Plaintiffs' approximation that the statements were made in April and May of 2003 is not specific enough").

d

Plaintiffs maintain that inducing contract formation and "during the work" are sufficiently particular because they cannot plead a more specific date. Rule 9(b) does not always require fraud allegations to contain a specific date and time. Southland Securities Corp., 365 F.3d at 372 (5th Cir. 2004). Plaintiffs cite Jones v. Herlin, CIV.A. 12-1978, 2013 WL 823420, at *5 (W.D. La. Mar. 6, 2013), where "late 2005 and/or early 2006" was sufficient because the plaintiffs could not plead with more specificity.

But Jones is factually distinguishable from this case. Here Plaintiffs have demonstrated the ability to allege when the statement was made with more particularity than appears in the complaint. While Rule 9(b) does not require a specific date, under these facts, sometime before contracting and "during the work" are not sufficiently particular.

Fourth, Plaintiffs fail to allege where the statements were made. (Doc. 1-2). Plaintiffs leave Palmer to guess where the purported statements were made and how the statements were transmitted. Plaintiffs, therefore, have not plead where the fraudulent statements were made with particularity.

Fifth, Plaintiffs maintain Palmer intentionally misrepresented that "Company engineers" designed the grain bin storage foundation. (Doc. 1-2, ¶ 19). Further, Plaintiffs allege Palmer intended the fraudulent assurances to induce Plaintiffs to enter into the construction contract. (Doc. 1-2, ¶ 31). Accordingly, Plaintiffs sufficiently allege why the statements were fraudulent.

5

d

For the reasons above, Plaintiffs have not sufficiently plead "where" or "when" the purportedly fraudulent statements were made. Therefore, Palmer's Partial Motion for Dismissal should be granted in part.

D. **Plaintiffs should be allowed 30 days to amend their complaint.**

Where a plaintiff can remedy pleading defects by amendment, "[t]he remedy for a failure to plead fraud with sufficient particularity is not a motion to dismiss, but a motion for a more definite statement." Levet v. Exxon Mobil Corp., CV 6:15-2069, 2015 WL 9685555, at *5 (W.D. La. Nov. 19, 2015), report and recommendation adopted, CV 6:15-2069, 2016 WL 112678 (W.D. La. Jan. 8, 2016). At the motion hearing, Palmer expressed no opposition to permitting Plaintiffs to amend if dismissal is granted.[1] Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); U.S. ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 329 (5th Cir. 2003). Therefore, Plaintiffs should be allowed to amend their complaint if they wish to pursue the fraud claims.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Partial Motion to Dismiss (Doc. 9) be CONVERTED to a Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e), and GRANTED IN PART AND DENIED IN

---

[1] The proper mechanism for obtaining a more definite statement of a plaintiff's claim is not a Rule 12(b) motion for dismissal, but instead is a Rule 12(e) motion. See Batiste v. Pharma-Safe Indus. Services, Inc., 6:16-CV-00813, 2016 WL 6271160, at *2 (W.D. La. Oct. 26, 2016) ("A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice.'") (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002)).

6

PART to the extent it seeks amendment regarding "where" or "when" the purportedly fraudulent statements were made.

IT IS FURTHER RECOMMENDED that Plaintiffs be ORDERED to amend their complaint to allege fraud with more particularity within 30 days of entry of Judgment as to this Report and Recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __26th__ day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge