# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TED BUSBY, ET AL** | **CIVIL ACTION NO. 3:17-0494** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEITH PALMER D/B/A PALMER CONSTRUCTION, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## RULING

The Plaintiffs filed suit against Keith Palmer, d/b/a Palmer Construction and Heather Palmer Adams ("the Palmers") as a result of alleged negligent construction of a grain bin storage system. The Palmers filed a third party complaint against Timbo's Construction, Inc. ("Timbo's) and Global Industries, Inc. ("Global") [Doc. No. 13], alleging that Timbo's is liable, in whole or in part, to the Palmers for any damages sustained by the Plaintiffs as to any defects or errors in the construction of the foundation which were due to the exclusive fault of Timbo's.

To the third party complaint, Timbo's filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or Alternatively, Motion For Summary Judgment [Doc. No. 55]. For the following reasons, Timbo's motion is GRANTED.

**I.     FACTS**

The Plaintiffs, Ted Busby, Barbara S. Busby, Ryman Patrick, Erin, Busby, Ryman Busby Farms, Inc. and Skunk Investments, Inc. ("the Busbys") filed suit on March 2, 2017, in the State of Louisiana, Parish of Madison, Sixth Judicial District Court. In the Petition, the Busbys named as Defendants, Keith Palmer, d/b/a Palmer Construction. (Heather Palmer Adams was later added

as a Defendant). The Busbys sought damages as a result of the alleged defective construction of grain storage bins in Madison Parish, Louisiana. The work was allegedly conducted from November 2012 until completed in July 2013.

Plaintiffs allege that due to the design and negligent construction, the foundation was too small to support the grain bin storage system, which resulted in settling of the systems and problems in the operation of the grain storage system.

On April 5, 2017, the Palmers filed a Notice of Removal [Doc. No. 1] which removed the above matter to this Court on the basis of diversity jurisdiction.

Thereafter, on May 15, 2017, the Palmers filed a Third Party Complaint, naming as Third Party Defendants, Timbo and Global alleging that in the event of any liability on the part of the Palmers, Timbo's and Global, are liable in whole or in part, for any damages sustained by the Plaintiffs as to any defects or errors in the construction of the foundation that were due to the exclusive fault of Timbo's and Global. On July 3, 2018, Timbo's filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or, Alternatively, Motion For Summary Judgment [Doc. No. 55].

In the instant motion, Timbo's maintains the Palmers are not entitled to indemnification and/or contribution from Timbo's under Louisiana substantive law. Pursuant to Louisiana Civil Code article 2324(B), a joint tortfeasor is only liable for its percentage of fault. Timbo's further maintains that prior to the 1996 amendment to article 2324, joint tortfeasors were solidarily liable. Claims for contribution or indemnification are no longer necessary <u>because a joint tortfeasor can no longer be liable for damages in excess of the percentage of fault assigned to him</u>. Also, Timbo's maintains that there is no "in solido" liability under article 2324(A). Therefore, the only potential liability of Timbo's is joint and severable.

In its opposition [Doc. No. 59], the Palmers oppose Timbo's motion. The Palmers maintain that Timbo's could be found solely at fault for the damages. The Palmers further maintain that Federal Rule of Civil Procedure 14(a)(1) allows a defending party to, as third party complainant, serve a summons and complaint on the party who is or may be liable to it for all or part of the claim against it.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment, identifying each claim or defense - - or the part of each claim or defense- -on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(C)(1)(A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . .). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences

in its favor. *Anderson*, 477 U.S. at 255. However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Turner v Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Federal Rule of Civil Procedure 12(b)(6) directs federal courts to dismiss claims in which the claimant fails to allege any set of facts in support of his claim which would entitle him to relief. *Taylor v Books-A-Million, Inc.* 296 F.3d 375 (5th Cir. 2002). For a third party plaintiff's claim to survive a Rule 12(b)(6) Motion to Dismiss, he must plead sufficient facts to state a claim to relief that is plausible on its face. Although the third party demand is well-pleaded facts must be accepted as true, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v Iqbal,* 556 U.S. 662, (2009).

**B. Legal Analysis**

As the basis for federal jurisdiction is diversity, the substantive law of the State of Louisiana will apply. *Erie v Tompkins* 58 S.Ct. 817 (1938). Louisiana Civil Code article 2324 is substantive law. In 2006, the legislature amended article 2324(B) to provide the following:

> If liability is not solidary pursuant to paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such person, including the person suffering injury, death, or loss, regardless of such other persons insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including, but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Therefore, unless the liability is solidary, then a joint tortfeasor <u>is only liable for his percentage of fault</u>.

In *Babin v Winn-Dixie of Louisiana, Inc.*, 764 So.2d 37 (La. 2000), the Louisiana Supreme Court explained that amended article 2324 states that each joint tortfeasor is only liable for his

4

degree of fault and cannot be held solidarily liable with another tortfeasor for damages attributable to that other tortfeasor's fault.

Therefore, the Third Party Complaint by the Palmers (which is for contribution or indemnification) against Timbo's should be dismissed, as the Palmers can only be held liable for their percentage of fault in this case. As Busby has not named Timbo's (or Global) as defendants in this proceeding, the Busbys would only be able to collect from the Palmers the percentage of fault attributable to the Palmers.

The Palmers also maintain that their claim is allowed in light of the language of Federal Rule of Civil Procedure 14, which allows a defending party to serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. However, as the substantive law of the state of Louisiana applies, Rule 14 does not grant substantive rights to the Palmers. It is procedural.

For these reasons, the Court finds Timbo's is entitled to judgment as a matter of law, dismissing the Palmers' Third Party Plaintiffs' claims, with prejudice.

### C. CONCLUSION

For the reasons set forth herein, Timbo's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Or, Alternatively, Motion For Summary Judgment [Doc. No. 55] is GRANTED, and the Palmers' claims against Timbo's are DISMISSED WITH PREJUDICE.

Monroe, Louisiana, this 25th day of July, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE